806 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Collins, Executor of the Estate of Rebecca Collins,
deceased, and James Collins, individually, Appellee,
v.
BENEFIT TRUST LIFE INSURANCE COMPANY, a Corporation, Appellant.
 No. 85-2031.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 9, 1986.
Decided Dec. 4, 1986.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (C/A 84-3374)
 R. Carter Elkins (Campbell, Woods, Bagley, Emerson, McNeer & Herndon on brief), for appellant.
 John Bicknell (Menis E. Ketchum; Greene, Ketchum, Bailey & Twell; George D. Beter on brief), for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WINTER, Chief Judge, ERVIN, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff James Collins obtained a jury verdict of $21,146.59 against defendant, Benefit Trust Life Insurance Company, on a claim for health insurance benefits under a sickness and accident policy insuring the now-deceased Rebecca Collins. The terms of the policy issued to the insured excluded coverage for illness manifested during the first thirty days that the policy was in force, and in fact the insured's illness first manifested itself within that thirty-day period. Plaintiff recovered, however, on the ground that the defendant was estopped from denying coverage under the insurance policy because of the oral representations of its insurance agent and the written representations in some of its promotional literature. Defendant appeals, contending that plaintiff could not properly recover under a theory of estoppel. We see no merit in the defendant's contention, and we affirm.
 
 
 2
 The testimony, although controverted, if believed was legally sufficient to support the jury's finding of estoppel, and the written representations could reasonably be understood to form the basis for estoppel. The evidence was also legally sufficient to support a finding that the claimant relied to her detriment on the representations by paying insurance premiums and by terminating her efforts adequately to insure herself.
 
 
 3
 AFFIRMED.